# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLWYNN J. TURNER | CIVIL ACTION |
| VERSUS | NO. 12-598-BAJ-EWD |
| N. BURL CAIN, ET AL. | |

## RULING AND ORDER

Before the Court is a Motion for Leave to File Out of Time Motion, or Alternatively, to Amend Opposition to Motion for Summary Judgment ("Motion for Leave"), filed by Carlwynn Turner ("Plaintiff").[1] The Motion for Leave is opposed by N. Burl Cain and Leslie Dupont ("Defendants").[2]

For the following reasons, Plaintiff's Motion for Leave is **GRANTED** to the extent it allows Plaintiff to amend his timely filed original Memorandum in Opposition to Defendants' Third Motion for Summary Judgment[3] by adding additional exhibits and arguments for the Court's consideration.

**Factual Background**

On April 20, 2018, Defendants filed their Third Motion for Summary Judgment seeking dismissal of Plaintiff's remaining claims as untimely, which is currently pending before the Court.[4] On April 24, 2018, Plaintiff was granted an extension until June 10, 2018 to file an opposition memorandum.[5] Plaintiff timely filed an opposition memorandum (prepared by counsel) on June

---

[1] R. Doc. 123.
[2] R. Doc. 124.
[3] R. Doc. 122.
[4] R. Doc. 118.
[5] R. Doc. 120.

10, 2018.[6] However, the very next day, Plaintiff filed this Motion for Leave, seeking leave to file a Cross-Motion for Summary Judgment, prepared by the Plaintiff (rather than counsel).[7] On June 26, 2018, Defendants filed their memorandum in opposition to the Motion for Leave.[8] The Motion for Leave was referred to the undersigned for disposition on June 13, 2018.

**Arguments of the Parties**

A. *Plaintiff's Arguments*

Plaintiff's counsel alleges that he received his client's proposed submission while preparing the opposition memorandum that was originally filed. Although purporting to be a "Cross-Motion for Summary Judgment," Plaintiff's counsel avers that his client's proposed submission is more properly characterized as an opposition, and seeks leave to file it either as an out of time cross motion for summary judgment or as an exhibit to the previously-filed opposition memorandum out of respect for the Plaintiff, who represented himself for about six years, and because the arguments presented have merit.

Citing the four factors to be considered under Fed. R. Civ. Pro 16(b) to determine if the movant has demonstrated good cause so as to allow leave to amend raised by untimely motion, Plaintiff alleges that, with respect to the reason for the delay, Plaintiff is an inmate incarcerated in Shreveport with limited resources and limited ability to communicate with counsel. And, while Plaintiff apologized for the delay in transmitting his proposed *pro se* submission to counsel, counsel claims it was counsel's inadvertence that resulted in any delay because the package containing the proposed *pro se* submission was likely placed with the voluminous amounts of other papers counsel received from Plaintiff during the week of May 28, 2018 related to the case.

---

[6] R. Doc. 122.
[7] R. Doc. 123.
[8] R. Doc. 125.

2

Regarding the importance of the requested relief, Plaintiff's counsel avers that Plaintiff's input has been valuable because Plaintiff is astute and knows his own case better than counsel, having litigated it *pro se* for several years prior to the appointment of counsel. Plaintiff asserts that there is no prejudice to Defendants because the proposed *pro se* submission is strictly limited to the substance of the Third Motion for Summary Judgment and was filed within the time period permitted for Plaintiff to file his opposition memorandum. Finally, Plaintiff alleges that the Court and counsel may have a conflict for the current October 22, 2018 trial date that may require a continuance, which would cure any prejudice to Defendants. For these reasons, Plaintiff requests that the Court exercise its discretion to either allow the filing of Plaintiff's Cross Motion or allow Plaintiff to amend the timely filed opposition memorandum with the additional arguments and evidence submitted.

      B.    *Defendants' Arguments*

Defendants oppose the Motion for Leave as untimely and lacking in good cause for the untimeliness. Defendants aver that the original dispositive motion deadline was May 24, 2017, and the Court's March 29, 2018 Order allowed only Defendants to file a subsequent summary judgment motion. Furthermore, Defendants argue that the proposed *pro se* submission extends beyond the scope of the Court's Order, which restricted such motions to the issue of prescription. Finally, Defendants assert that it is confusing and burdensome for Defendants to have to reply to multiple pleadings on the same subject by Plaintiff and his counsel. On these grounds, and as a matter of judicial efficiency, Defendants assert that Plaintiff's Motion for Leave should be denied.

**Law and Analysis**

The deadline for filing dispositive motions was May 24, 2017;[9] therefore, Plaintiff's purported Cross Motion for Summary Judgment is untimely. However, review of the proposed *pro se* submission reveals that it is more properly asserted as a further opposition to the Third Motion for Summary Judgment.[10] Thus, the Court will consider whether to allow the pleading and documents submitted therewith to be filed as exhibits to Plaintiff's originally-filed opposition memorandum.[11]

On motion of Plaintiff, the District Judge extended the time by which Plaintiff was to file his Opposition to June 10, 2018, which was a Sunday.[12] Plaintiff timely filed his initial opposition memorandum (prepared by counsel) on that day.[13] One day later, on June 11, 2018, Plaintiff filed this Motion for Leave, seeking to add the submission prepared by Plaintiff. That submission was also timely under Fed.R.Civ.P. 6(a), which provides that, when computing time, if the last day falls on a day that is a weekend or legal holiday, the period continues until the end of the next day that is not a weekend or legal holiday. Thus, Plaintiff actually had until June 11, 2018 to file his opposition memorandum. As Plaintiff's additional opposition was timely filed and no prejudice[14] or bad faith has been shown, Plaintiff will be allowed to amend his original opposition memorandum to include additional exhibits and arguments.

---

[9] R. Doc. 84.
[10] *See, e.g., pro se* Plaintiff's "Claims for Relief," wherein he states: "1. Defendants Counsel went outside of scope of limited order, that is, counsel raised the administrative appeal argument," and, "2. Defendants Counsel failed to produce any summary judgment evidence to support the argument that N. Burl Cain and Leslie Dupont was not served within the meaning of La. C.C. art. 3462." Construing Plaintiff's pleading liberally, the "relief" Plaintiff seeks appears to be for the Court to consider the foregoing arguments, which are clearly defenses to assertions in Defendants' Third Motion for Summary Judgment.
[11] R. Doc. 118.
[12] R. Doc. 120.
[13] R. Doc. 122.
[14] While Defendants could have sought leave to file a reply memorandum to address the merits of either the arguments raised in the original opposition memorandum or in those sought to be added by the Motion for Leave, Defendants did not do so, which further suggests Defendants will not suffer any prejudice as a result of permitting Plaintiff to submit additional evidence and arguments.

Accordingly,

Plaintiff's Motion for Leave[15] is **GRANTED**. Plaintiff is granted leave to amend his previously-filed opposition memorandum[16] by adding pages 6 through 22 of his *pro se* opposition at R. Doc. 123-4, his verification at R. Doc. 123-5, and the documents at R. Doc. 123-6 through 123-11 as exhibits.

Signed in Baton Rouge, Louisiana, on August 20, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 123.
[16] R. Doc. 122.