# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARLWYNN J. TURNER**                    **CIVIL ACTION**

**VERSUS**                                **NO. 12-598-BAJ-EWD**

**N. BURL CAIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. ' 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 17, 2018.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CARLWYNN J. TURNER                                    CIVIL ACTION

VERSUS                                                NO. 12-598-BAJ-EWD

N. BURL CAIN, ET AL.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a third Motion for Summary Judgment, filed by Defendants, Burl N. Cain ("Cain"), former warden of the Louisiana State Penitentiary at Angola ("Angola") and deputy warden Leslie Dupont ("Dupont") (collectively Cain and Dupont are "Defendants").[1]  The Motion is opposed by Plaintiff Carlwynn J. Turner ("Plaintiff").[2]

The undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**, and that Plaintiff's remaining claims in this matter be **DISMISSED WITH PREJUDICE** as untimely.

### Facts and Procedural History

A more complete recitation of the lengthy procedural history of this case is contained in the undersigned's prior Report and Recommendation ("Report"),[3] which further adopts the facts and procedural history set forth in the U.S. Court of Appeal for the Fifth Circuit's decision in *Turner v. Cain*.[4]  The focus below is on the facts and procedural history salient to the current matter, which is limited to the issue of whether Plaintiff's retaliation claims against Defendants are prescribed under Louisiana law.

---

[1] R. Doc. 118.
[2] R. Doc. 122.
[3] R. Doc. 108, pp. 3-8.
[4] 647 Fed. Appx. 357 (5th Cir. 2016), 2016 WL 1719306, and R. Doc. 67.

On September 24, 2012, Plaintiff, a prisoner of the Louisiana Department of Safety and Corrections ("LDOC"), filed this *pro se* civil rights action against Cain, Dupont and deputy warden David Vannoy ("Vannoy"),[5] alleging retaliation for exercising his First Amendment right of free speech.[6]  Specifically, Plaintiff asserts that on April 16, 2011, while selling crafts to members of the public attending the Angola Prison Rodeo (hereinafter the "Angola Rodeo"), several potential buyers attempted to negotiate with him regarding the price of his goods.  Plaintiff claims that he explained to "the people standing around his hobby craft booth" that he could not reduce his prices "because Warden Cain takes 18% percent from individual cash sales, and 22% percent from individual credit card sales."[7]  Plaintiff alleges that Dupont's wife overheard his remarks about the taxes and repeated them to Dupont.[8]  Plaintiff further alleges that, later that day, Dupont removed Plaintiff from the Angola Rodeo grounds in retaliation for making those comments.[9]

Thereafter, on April 28, 2011, Plaintiff was transferred from Angola to EHCC, also allegedly in retaliation for making the above comments.[10]  On June 28, 2011, Plaintiff was transferred to David Wade Correctional Center ("DWCC").[11]  On July 5, 2011, Plaintiff filed an administrative remedy procedure request ("ARP"), ARP No. LSP-2011-1642, wherein he alleged that the transfer away from Angola was a violation of LDOC policy.[12]  On July 28, 2011, prison officials, including Vannoy, denied Plaintiff's First Step Request for an administrative remedy.[13]

---

[5] All Plaintiff's claims against Vannoy were previously dismissed.  R. Doc. 67, pp. 8, 13.
[6] R. Doc. 1.
[7] *Id.* at ¶ I.
[8] R. Doc. 1 at ¶ II.
[9] R. Doc. 1 at ¶ II.
[10] R. Doc. 1, ¶¶ III, VIII.
[11] R. Doc. 1, ¶ VI.
[12] R. Doc. 101-2, pp. 1-3.
[13] R. Doc. 101-2, p. 7.

On October 10, 2011, Plaintiff's Second Step Request for an administrative remedy was denied.[14]  On November 9, 2011, Plaintiff filed a document in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled "Petition for Judicial Review," wherein he sought review of the denial of his ARP.[15] Plaintiff named James LeBlanc, the Secretary of Public Safety & Corrections as defendant.  Plaintiff also named Cain, Dupont and several others as "additional defendants."[16]  There is no evidence in the record of Plaintiff filing any other type of proceeding in any other state court or administrative body at that time.  In his Petition for Judicial Review, Plaintiff specifically requested "review of the adverse effect" of the transfer decision and the "malicious intent to do harm to the petitioners' life, liberty, and property" because the "named defendants …evaded, circumvented, and ignored the plaintiffs' constitutional rights."[17]

According to the state court docket sheet in the record, on March 9, 2012, LDOC was served with Plaintiff's Petition for Judicial Review.[18]  There is no indication from the docket sheet, or from any other record evidence, that Cain or Dupont were actually served with the Petition for Judicial Review.  On April 3, 2012, an Answer was filed on behalf of unidentified "Defendant(s)," denying Plaintiff's claims.[19]  On September 6, 2012, Judge Timothy Kelley of the Nineteenth Judicial District Court entered judgment dismissing Plaintiff's Petition for Judicial Review without prejudice for "failure to state a cause of action on the claim for a transfer and for related relief,"

---

[14] R. Doc. 101-2, p. 8.
[15] R. Doc. 101-3.
[16] *Id*. at p. 3.
[17] R. Doc. 101-3, p. 8.
[18] R. Doc. 101-10, p. 4.
[19] R. Doc. 123-8 and R. Doc. 101-10, p. 4.

and further dismissing the "damage/injunctive claim" for having been filed in the "improper mode and improper mandatory venue."[20]  The judgment was mailed on September 10, 2012.[21]

On September 24, 2012, Plaintiff filed the instant matter pursuant to 42 U.S.C. § 1983 against Defendants Cain, Dupont, and Vannoy in their official and individual capacities and asserted that Defendants violated his First Amendment rights by retaliating against him for exercising his right to free speech at the Angola Rodeo when he advised his prospective customers about the taxes on purchases.[22]  Plaintiff alleges that, as the result of the retaliation and the transfer, he has suffered damages in the form of loss of his ability to sell his hobby craft at the Angola Rodeo, loss of personal property, loss of his job as an Angola DJ and associated pay, loss of his position and status as an Angola minister, and separation from his family and friends, among other hardships.[23]  In connection these claims, Plaintiff seeks compensatory and punitive damages against Defendants.[24]

Following at least three prior dispositive motions ruled upon by this Court[25] and the U.S. Court of Appeals for the Fifth Circuit ("the Fifth Circuit"),[26] on May 24, 2017, Defendants filed their Second Motion for Summary Judgment ("Second Summary Judgment"), wherein they sought summary dismissal of Plaintiff's claims against the remaining Defendants, Cain and Dupont.[27]  In

---

[20] R. Doc. 101-9.
[21] R. Doc. 101-10, p. 7.
[22] R. Doc. 1.
[23] R. Doc. 1, pp. 7-9.
[24] R. Doc. 1, p. 15.
[25] *See, e.g.*, R. Docs. 28, 58.
[26] On April 28, 2016, the Fifth Circuit issued its opinion in *Turner v. Cain*, 647 Fed.Appx. 357, (also R. Doc. 67), wherein it affirmed this Court's dismissal of Plaintiff's retaliation claims against Defendants Dupont and Vannoy based upon Plaintiff's transfer out of Angola, which resulted in Vannoy's dismissal from the case. *Id.* at 362. However, it reversed the dismissal of Plaintiff's retaliation claim against Defendant Dupont based on Plaintiff's removal from the rodeo grounds and further held that this Court erred when it concluded that Plaintiff's statements regarding the prison "taxes" were not protected by the First Amendment. *Id.* at 362-63.  The Fifth Circuit remanded the latter issue for consideration of whether Plaintiff's speech was consistent with legitimate penological interests and also ordered this Court to appoint counsel for Plaintiff. *Id.* at 363-64.
[27] R. Doc. 85.

4

their August 3, 2017 reply brief, Defendants raised, for the first time during the pendency of these proceedings, the argument that liberative prescription bars Plaintiff's 42 U.S.C. § 1983 claims.[28] On September 21, 2017, Plaintiff filed his Sur-Reply and Motion to Strike Untimely Raised Defense, wherein he addressed Defendants' prescription arguments.[29]

On February 28, 2018, the undersigned filed her Report, which recommended denial of Defendants' Second Summary Judgment, but also recommended that, if the Report was adopted, Defendants be granted leave to file another summary judgment motion, limited to the issue of prescription.[30] The undersigned made this recommendation because neither side addressed the effect of the filing of Plaintiff's Petition for Judicial Review and the service (or lack thereof) on Defendants on the issue of prescription.[31] On March 14, 2018, Defendants filed their Objection to the Report.[32] On March 29, 2018, the District Judge adopted the undersigned's Report and granted Defendants thirty days to re-urge a motion for summary judgment limited to the issue of prescription.[33] Accordingly, on April 20, 2018, Defendants filed their Third Motion for Summary Judgment ("Third Summary Judgment") seeking dismissal of Plaintiff's claims as untimely, which is currently pending before the Court.[34]

In Plaintiff's June 10, 2018 Opposition, Plaintiff argues that he has notified every court and Defendants of the nature of his complaints and the rights of which he was allegedly deprived under state and federal law. Plaintiff asserts that there is a genuine issue of material fact as to whether his claims are timely because his Petition for Judicial Review is also an original civil

---

[28] R. Doc. 97, p. 10. Because Defendants did not raise the prescription defense in their prior Motion for Summary Judgment, this issue was not addressed by the Fifth Circuit.
[29] R. Doc. 101, pp. 4-8, and R. Doc. 102.
[30] R Doc. 108, pp. 32-34.
[31] R. Doc. 108, p. 33.
[32] R. Doc. 109.
[33] R. Doc. 112.
[34] R. Doc. 118.

action for damages and/or because service on LDOC gave Defendants adequate notice of the action.[35]

## Law and Analysis

### I.    Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[36] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[37] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[38] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[39] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[40] Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[41] In resolving a motion for summary judgment, the Court must review the facts and inferences

---

[35] R. Doc. 122, pp. 6, 9-10,
[36] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed. 2d 202 (1986).
[37] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[38] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[39] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[40] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[41] *Little*, 37 F.3d at 1075.

in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[42]

**II.    Defendants Did Not Waive Their Affirmative Defense of Prescription**

As a preliminary matter, Plaintiff urges the Court to reconsider Plaintiff's Motion to Strike Successive Motion for Summary Judgment and Motion to Strike Untimely Raised Defense ("Motion to Strike").[43] [44] In the Motion to Strike, Plaintiff argues that the defense of statute of limitations, or prescription, must be raised as an affirmative defense through the answer pursuant to Fed. R. Civ. P. 8(c), and is waived if not correctly pled.[45] Thus, Plaintiff contends that Defendants waived the prescription defense when they failed to properly plead it in their Answer. Plaintiff further asserts that Defendants' Motion should be denied to the extent that it asserts arguments and/or evidence that exceeds the Court's order that the Third Summary Judgment should be limited to the issue of prescription.[46]

The Court reviewed Plaintiff's waiver arguments asserted in Plaintiff's Motion to Strike, wherein Plaintiff argues that Defendants waived the defense of prescription/statute of limitations because they failed to plead it in their Answer.[47] However, the undersigned again finds that Defendants did not waive their statute of limitations/prescription defense for the reasons set forth in the prior Report, [48] which was adopted by the District Judge.[49]

---

[42] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[43] R. Doc. 122, p. 1, *citing* R. Docs. 89 and 102.
[44] R. Doc. 122, p. 1. Plaintiff also incorporates by reference all law, argument, and exhibits asserted in his Opposition and Sur-Reply at R. Docs. 90 and 101.
[45] R. Doc. 102-1, pp. 4-5.
[46] R. Doc. 123-4, pp. 5, 11-14 and R. Doc. 112.
[47] R. Doc. 102-1 and R. Doc. 122, pp. 2-3.
[48] R. Doc. 108, pp. 26-29.
[49] R. Doc. 112.

### III.    Plaintiff's Claims Are Prescribed

#### A.  Plaintiff Bears the Burden of Proof

Pursuant to well-settled jurisprudence, the limitations period applicable to Plaintiff's 42 U.S.C. §1983 claims in this case is Louisiana's one-year period for personal injury actions.[50] Further, it appears clear that the limitations period for Plaintiff's claim arising from his removal from the Angola Rodeo accrued on April 16, 2011,[51] and the limitations period for Plaintiff's claim arising out of his transfer from Angola accrued on April 28, 2011.[52]   On the face of Plaintiff's Complaint, which was not filed in this Court until September 24, 2012 (approximately 532 days from the complained-of Angola Rodeo removal and approximately 514 days after the complained-of transfer), Plaintiff's claims are time-barred.[53]   Although a defendant asserting a limitations defense under Louisiana law normally has the burden of establishing the elements of the defense,[54] the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled when the face of the Complaint reflects that more than a year has passed since the events complained of.[55]

#### B.  Plaintiff's Claim Against Dupont for Removal from the Rodeo is Untimely

The Fifth Circuit reversed this Court's dismissal of Plaintiff's claim against Defendant Dupont arising out of Plaintiff's removal from the Angola Rodeo, but affirmed this Court's ruling

---

[50] *See* La. C.C. art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.") and *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (holding that for a § 1983 action, the Court looks to the forum state's personal-injury limitations period). *See also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (applying Louisiana's one-year limitations period to an inmate's § 1983 claims).

[51] R. Doc. 1, ¶¶ I-II, R. Doc. 67, p. 9, and R. Doc. 118-1, pp. 1-2.

[52] R. Doc. 1, ¶ III, R. Doc. 67, p. 8,  R. Doc. 101-2, p. 1, R. Doc. 118-1, p. 2, and R. Doc. 122, p. 2.  *See Moore v. McDonald*, 30 F.3d at 620-21 (recognizing that "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action") and, *e.g., Aduddle v. Body*, 277 Fed.Appx. 459, 461 (5th Cir. 2008).

[53] R. Doc. 1.

[54] *See Savoy v. St. Landry Parish Council*, No. 08-232, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009).

[55] *Id*. at *3 (citations omitted).

dismissing Plaintiff's claim against Dupont arising out of the transfer from Angola.[56]  Therefore, Plaintiff's only remaining claim against Dupont in this case arises out of his removal from the Angola Rodeo,[57]  which Defendants only generally argue is prescribed.[58]  Now that the timeliness of this claim is squarely before the Court, and both sides have had an adequate opportunity to address the issue, the undersigned finds that this claim is prescribed.  Plaintiff's removal from the Angola Rodeo accrued on April 16, 2011.[59]  Therefore, Plaintiff had until April 16, 2012 to bring suit against Dupont on this claim pursuant to La. C.C. art. 3492. [60]  While Plaintiff has relied on his Petition for Judicial Review to argue that prescription was interrupted, Plaintiff's Petition for Judicial Review does not raise a claim against Dupont arising out of the removal from the rodeo.[61] Instead, the Petition for Judicial Review complains of Plaintiff's transfer out of Angola.  As such, Plaintiff's Petition for Judicial Review could not have interrupted prescription as to Plaintiff's claim against Dupont arising out of Plaintiff's removal from the rodeo, and thus Plaintiff's September 24, 2012 Complaint herein asserting such claim was untimely filed.[62]  For these reasons, the undersigned recommends that Plaintiff's remaining retaliation claim against Dupont for removal of Plaintiff from the rodeo be dismissed.[63]

---

[56] R. Doc. 67, pp. 8-9.

[57] R. Doc. 67, p. 9.

[58] R. Doc. 118-1, p. 5.

[59] R. Doc. 1, ¶¶ I-II, R. Doc. 67, p. 9, R. Doc. 118-1, pp. 1-2.

[60] "A. (2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted."

[61] R. Doc. 101-3.  The Petition for Judicial Review contains a reference to the Angola Rodeo in only one paragraph. Every other paragraph (save two) complains of Plaintiff's transfer from Angola by Defendant Cain at *id*. ¶¶ II, III, IV, V,VI, VII, VIII, IX, X, XI, XIII, and "VIX" (sic, XIV).  *See also id*. at p. 6, ¶ X ("The Petitioner allege [*sic*], the transfer is the core of the grievance…The departmental transfer came with a costing price at the expense of the petitioner"), and p. 8, "Relief" ("The Petitioner in the …case suggest [*sic*] that he suffered irreparable damages from said inter-departmental transfer.")

[62] R. Doc. 1.

[63] Although not raised by Defendants, it appears Plaintiff's retaliation claim arising out of Dupont's removal of Plaintiff from the rodeo may also be subject to dismissal for failure to exhaust administrative remedies.  Prior to filing suit, Plaintiff was required to exhaust his administrative remedies through the prison ARP process.  *See* La. R.S. 15:1172 ("B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.) La. R.S. 15:1176 ("Before any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized

### C.  Plaintiff's Claim Against Cain for Transfer from Angola is Untimely

The only remaining claim to be addressed is Plaintiff's claim against Cain for the April 28, 2011 transfer away from Angola.  Defendants agree that La. C.C. art. 3492's one-year limitations period applies to Plaintiff's transfer claim; therefore, Plaintiff's prescriptive period ended on April 28, 2012. [64]  Defendants further acknowledge that, pursuant to La. R.S. 15:1172(E),[65] the filing of an administrative grievance tolls, or suspends, the running of prescription but does not interrupt it. In this case, 68 days elapsed between Plaintiff's April 28, 2011 transfer and the filing of his July 5, 2011 ARP.[66]  On July 5, 2011, the prescriptive period was suspended during the pendency of the ARP process, which Defendants contend ended on October 10, 2011 when Plaintiff's ARP was denied at the second step.[67]  Defendants contend that the "ninety (90) day" ARP suspension[68] pushed the end of the original one-year prescriptive period from April 28, 2012 to July 26, 2012.[69] According to Defendants, Plaintiff had to file suit by July 26, 2012[70] to be timely.  Because Plaintiff's federal Complaint was not filed until September 24, 2012, Defendants argue the suit was thus untimely.[71]

---

by this Part."), La. R.S. 15:1184 ("A. (2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted."),  and, e.g., 42 U.S.C. § 1997e(a) ("A. (2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted.").  Plaintiff's July 5, 2011 ARP does not make any allegations against Dupont arising out of his removal from the Angola Rodeo; therefore, it fails to exhaust the required administrative remedies.  R. Doc. 101-2.

[64] The same argument regarding Plaintiff's Petition for Judicial Review is also applicable to the claims against Dupont, however, because the undersigned has determined on other grounds that the claims against Dupont are untimely, the remainder of the analysis in this Report focuses on the claims against Cain.

[65] La. R.S. 15:1172(E) provides: "E. Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered."

[66] R. Doc. 101-2.  Defendants apparently contend that 75 days elapsed. R. Doc. 118-1, p. 6.  The difference does not affect the outcome of the analysis.

[67] R. Doc. 118-1, p. 6.

[68] There are 98 days between July 5, 2011 and October 10, 2011.

[69] R. Doc. 118-1, pp. 6-7.

[70] Defendants appear to be adding 90 days to reach this date, not 98.

[71] R. Doc. 1.

The record reflects 67 days elapsed from April 29, 2011 (the day after Plaintiff's April 28, 2011 transfer from Angola) to July 5, 2011 (the date of Plaintiff's administrative grievance).[72] The 67 days is included in the calculation of time for a determination of whether the claim is prescribed.[73] Because the pendency of this administrative grievance suspended the one-year limitations period, the limitations period did not begin to run again until on or about October 10, 2011, when Plaintiff received a Second Step Response from prison officials relative to the grievance.[74] Plaintiff's Complaint was not filed until September 24, 2012, which was 349 days from October 11, 2011 (the day after the Second Step Response to Plaintiff's ARP). Even taking into account the tolling while Plaintiff's ARP was pending with prison officials, there were still approximately 416 days total (67 plus 349) between the date of the transfer and the filing of this suit. The question then becomes whether any other activity was undertaken by Plaintiff during the ensuing one-year period which may have again suspended or interrupted the running of the limitations period. In this regard, federal courts look to state law for the application of its tolling and interruption provisions.[75]

       1.     *Plaintiff's Petition for Judicial Review Was Not a Civil Action for Damages*

Defendants contend that, pursuant to La. R.S. 15:1177(A) and 15:1177(C), Plaintiff's filing of a Petition for Judicial Review on November 9, 2011 was not a cognizable action under La. C.C. art. 3462 that interrupted the prescriptive period as to Plaintiff's tort claims for damages citing *Cook v. Lamont, et al.*[76] Rather, Defendants argue Plaintiff should have filed a separate original

---

[72] R. Doc. 101-2, p. 1-3.
[73] The filing of an administrative grievance only suspends, but does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E), *supra*. Thus, the days that pass before the filing of the administrative grievance and those that pass after the final agency decision is delivered must be included in the calculation of the prescriptive period.
[74] R. Doc. 101-2, p. 8.
[75] *See Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992), *citing Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed. 2d 582 (1989).
[76] 2013 WL 325557, *3, No. 11-0358 (M.D. La. Jan. 28, 2013) *appeal dismissed*, 537 Fed.Appx. 568 (5th Cir. 2013), 2013 WL 3964271.

civil action. Defendants' assert that because he failed to do so, Plaintiff's retaliation claims are prescribed.

Plaintiff asserts that Defendants do not argue that Plaintiff was incorrect to seek judicial review of the ARP proceedings, and Plaintiff timely sought such review. Moreover, Plaintiff asserts that while LDOC was the sole party defendant to the proceeding as required by La. R.S. 15:1177(A)(1)(b), Defendants were named codefendants and were employees of LDOC at the time Plaintiff sought judicial review.[77] Plaintiff acknowledges that a pleading that is "captioned and constructed" as a Petition for Judicial Review would not suspend or interrupt prescription. However, Plaintiff argues that the document that he filed was not such a petition. Rather, Plaintiff alleges that he actually filed a petition for damages in compliance with La. R.S. 15:1177 because the Petition for Judicial Review states several causes of action cognizable under state law and requests monetary damages, in addition to modifications of conditions of confinement.[78] In support, Plaintiff relies on *Wood v. Martin*.[79] In *Wood*, Louisiana's Second Circuit Court of Appeal was faced with the question of whether a suit by a prisoner was a traditional tort action over which judicial review would not be limited under La. R.S. 15:1177(C) or whether the suit sought review of an adverse decision with respect to conditions of confinement which would be subject to limited judicial review. The Second Circuit explained:

> Under the post-*Pope* statutory scheme, all complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. This is clearly shown by La. R.S. 15:1172(B)(1) stating that an offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained. However, regardless of the outcome of the administrative remedy proceedings for such claims, once such

---

[77] R. Doc. 122, p. 4.
[78] R. Doc. 122, p. 5. Although Plaintiff argues here that he sought monetary damages in his Petition for Judicial Review, Plaintiff acknowledged that he did not seek monetary damages therein. *See* R. Docs. 101-3, p. 8 and 101-8, p. 2 ("The Petitioner argue [*sic*] that he did not file into this Court asking for monetary damages.")
[79] 37,856 (La. App. 2 Cir. 12/10/03), 862 So.2d 1057, 1058.

administrative review is complete, delictual actions for injury or damages then shall be filed separately as original civil actions not subject to the limited judicial review afforded other adverse administrative decisions. In other words, an administrative remedy decision on a true tort action, such as that involved in *Pope, supra,* does not limit a district court's constitutional grant of original jurisdiction in any way. Such an administrative review nevertheless is required, apparently in hopes that an appropriate remedy, including the possible award of monetary damages, may be agreed upon without the necessity of litigation.[80]

Plaintiff claims he is in conformance with the above holding because his timely-filed Petition for Judicial Review was also an original civil action for damages as demonstrated by the allegations therein.[81]

It is undisputed that on November 9, 2011, during the one-year prescriptive period, Plaintiff filed a pleading in the Nineteenth Judicial District Court, wherein he attempted to assert a claim relative to his transfer from Angola.[82]   Upon review of Plaintiff's state court pleadings and applicable law, however, it appears clear that the pending state court proceeding did not interrupt the applicable limitations period in this case.  Specifically, Plaintiff's state court pleading, entitled "Petition for Judicial Review," was filed on a form for the assertion of an administrative appeal of the recently-concluded prison administrative remedy proceedings. The Louisiana Supreme Court held in *Pope v. State*[83] that the administrative appeal procedure is not applicable to an inmate's tort claims.   Further, Louisiana statutory law mandates that "[d]elictual actions for injury or damages shall be filed separately as original civil actions."[84]   The filing of the Petition for Administrative Review did not comply with this provision.

---

[80] 862 So.2d at 1060.
[81] R. Doc. 122, p. 5.
[82] R. Doc. 101-3, R. Doc. 118-1.
[83] 99-2559 (La. 6/29/01), 702 So.2d. 713.
[84] La. R.S. 15:1177(C).

This court has also had occasion to examine whether the filing of a petition for judicial review suspends prescription. In *Cook v. Sgt. Lamont, et al.*, the court dismissed an inmate's tort claim as time-barred, finding that the inmate's petition for judicial review of an administrative claim did not interrupt the applicable limitations period in connection with his tort claims.[85] In *Cook*, the court held that "tort claims must be filed separately as original civil actions," and further that "the judicial review procedure does not apply to delictual actions for injury or damages."[86]

Even to the extent Plaintiff's Petition for Judicial Review attempted to assert constitutional claims, it was not sufficient to interrupt prescription. While it is true that a state court lawsuit relative to the same defendants and the same cause of action may interrupt the prescriptive period,[87] the keys to this provision – the same cause of action against the same defendants – are missing here. An action under § 1983 is a tort action.[88] The Louisiana legislature requires tort actions by prisoners be filed only as original civil actions.[89] Additionally, the only proper defendant in a Petition for Judicial Review is the Louisiana Department of Public Safety and Corrections.[90] Although Plaintiff arguably included references to constitutional claims in the Petition for Judicial Review,[91] because it is not the proper cause of action to pursue such claims and because the individual capacity claims for retaliation sought to be asserted against Defendants here could not have been brought in the Petition for Judicial Review, it did not interrupt

---

[85] Civ. Action No. 11-358-BAJ, 2013 WL 325557 (M.D. La. Jan. 28, 2013).
[86] 2013 WL 325557 at *3.
[87] *See, e.g., Ford v. Stone*, 599 F.Supp. 693 (M.D. La. Dec. 6, 1984), aff'd, 774 F.2d 1158 (5th Cir. 1985).
[88] *See Manuel v. City of Joliet, Ill.* 137 S.Ct. 911, 916 (2017) ("Section 1983 creates a 'species of tort liability.'").
[89] La. R.S. 15:1177(C).
[90] La. R.S. 15:1177(A)(1)(b) ("The only proper party defendant is the Department of Public Safety and Corrections when seeking judicial review of an administrative decision, excluding decisions relative to delictual actions for injury or damages, rendered pursuant to any administrative remedy procedures under this Part.")
[91] See e.g., R. Doc. 101-3, ¶ I ("It is at this jucture [sic] where the prison officials has [sic] violated and deprived the petitioner of Life, Liberty and Property without due process of law.") See also, ¶ VIII ("The Petitioner avers that he has been denied his constitutional rights according to due process.") and ¶ X ("The petitioners' constitutional rights has [sic] been trampled on and violated by the named parties herein.").

14

prescription as to the claims asserted in this case. This determination is supported by the Judgment of the state court which offered as an alternative basis for dismissal that the "damage/injunctive claim" was dismissed for "filing in the improper mode and improper mandatory venue,"[92] adopting as reasons the Commissioner's Screening Report, which states, in pertinent part, as follows:

> [E]ven assuming arguendo that the Petitioner *could* state a cause of action to support a claim of retaliation and/or injunctive relief – an assumption not borne out in this administrative record—such claims are required by the PLRA to be filed in the original jurisdiction of the Court of the parish where the alleged cause of action arose. That is not East Baton Rouge Parish, and thus, the claims for damages and injunction are required to be dismissed for failure to file in the proper venue. (I note that the petition filed herein does not support a claim for damages are warranted, but even if it could be amended, pursuant to R. S. 15: 1184 and R. S. 15:1177C, those claims would have to be filed in a different format and mandatory venue.) Thus, I recommend dismissal of the claims for damages and/or injunctive relief as they involve alleged delictual actions by the prison personnel that are required to be heard in another parish under a different procedure than this appeal.[93]

*Wood v. Martin*, relied upon by Plaintiff, does not provide support for Plaintiff's claims, as it merely explains that an inmate must file an original civil action for damages based on tort claims and must also exhaust his administrative remedies for all claims that arise out of the conditions of confinement, which the plaintiff in that case failed to do.[94] Further, while Plaintiff is correct that *pro se* pleadings are generally required to be construed liberally, courts have

---

[92] R. Doc. 101-9.

[93] R. Doc. 101-7, p. 5. (Emphasis in original).

[94] 862 So.2d at 1060-61. Louisiana's Second Circuit Court of Appeal upheld the dismissal of the inmate's petition for damages because the inmate failed to exhaust his administrative remedies when he failed to seek judicial review of his prison grievance.[94] *Id.* at 1061. The Second Circuit held that the prisoner incorrectly sought relief for an injury that arose out of his dissatisfaction with the conditions of his confinement by filing an original civil action, ostensibly pursuant to La. R.S. 15:15:1177(C) (providing that delictual actions for injury or damages shall be filed separately as civil actions). *Id.* at 1060-61.

consistently required even *pro se* litigants to follow appropriate procedural rules and have upheld dismissal of their claims for failure to do so.[95]

## 2.    *Plaintiff Cannot Invoke Contra Non Valentem*

Plaintiff next argues that, as an incarcerated prisoner with limited resources and no formal legal training, he could not distinguish between delictual and administrative actions, *i.e*., he was not aware that he should have filed a civil action, and urges the Court to apply the equitable doctrine of *contra non valentem agere nulla currit praescriptio* ("*contra non valentem*") (prescription does not run against a person who is unable to act).[96] Plaintiff asserts that his Petition for Judicial Review pled enough facts to support causes of action for intentional and negligent harm, and a single pleading can be both administrative and delictual.   Moreover, Plaintiff urges that he filed "discovery motions" in connection with his Petition for Judicial Review, (to which Defendants allegedly responded), by which Plaintiff appears to argue that he intended to conduct discovery.[97]

Consistent with the practice of borrowing state statutes of limitations for § 1983 claims, federal courts also look to state law for its tolling provisions.[98]   While La. C.C. art. 3467 provides that "[p]rescription runs against all persons unless exception is established by legislation," the

---

[95] *See e.g., Thorn v. McGary*, 684 Fed. Appx. 430 (5th Cir. 2017) ("pro se parties must still comply with the rules of procedure ….")(citations omitted).  *See also, Jones v. Stephens*, 541 Fed. Appx. 499, 504 (5th Cir. 2013)(equitable tolling is not warranted where a petitioner's state habeas petition is non-compliant due to failure to comply with state procedural rules); *Harris v. Chem Carriers Towing*, Civil Action 15-596, 2017 WL 4158620, at * 4 (M.D. La. Sept. 18, 2017) ("The Court acknowledges that 'pro se pleadings are held to less stringent standards than pleadings drafted by lawyers,' and 'pro se pleadings must be treated liberally;' however, 'a pro se litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.  A pro se litigant is not entitled to greater rights than would be a litigant represented by a lawyer.'") (internal citations omitted).   Although Plaintiff here was representing himself at the time the Petition for Judicial Review was filed, Plaintiff specifically referenced the applicable Louisiana statutory provisions relating to a request for judicial review in his Objections to the Commissioner's Recommendations filed in that proceeding.  R. Doc. 101-8, p. 1 ("The Petitioner filed for judicial review as an appeal to LSP-2011-1642, in accordance with La. R.S. 15:1171 and 1177 and R.S. 49:964.")
[96] R. Doc. 122, p. 6.
[97] R. Doc. 123-4, p. 16.
[98] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993) citing Hardin v. Straub, 490 U.S. at 538–39 and Jackson v. Johnson 950 F.2d 263, 265 (5th Cir. 1992).

jurisprudential doctrine of *contra non valentem* remains a viable exception to this rule.[99] The Louisiana Supreme Court has recognized four factual situations in which the doctrine of *contra non valentem* applies so as to prevent the running of liberative prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.[100] However, the Louisiana Supreme Court has held that the doctrine of *contra non valentem* only applies in "exceptional circumstances,"[101] and further noted that, when it first officially recognized the fourth situation, it specifically clarified that "[t]his principle will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned."[102]

In this case, it appears Plaintiff attempts to assert the fourth basis for *contra non valentem*, *i.e.*, the fact that Plaintiff should have filed a civil action for damages was not known or reasonably knowable by Plaintiff.[103] However, Plaintiff has not offered any argument or evidence as to how his lack of knowledge raises "exceptional circumstances"[104] giving rise to the application of the

---

[99] *Renfroe v. State ex rel. Dep't of Transp. and Dev.,* 2001-1646 (La. 2/26/02), 809 So.2d 947, 953.

[100] *Id*. (citations omitted).

[101] *See also Jackson v. Jefferson Parish Clerk of Court,* 07-963 (La. App. 5 Cir. 4/15/08), 981 So.2d 156, 160, *writ denied,* 2008-1150 (La. 10/31/08), 993 So.2d 219 (recognizing that the doctrine is strictly construed), *citing id*.

[102] *Id., citing* La. C.C. art. 3467, Official Revision Comment (d); *State Through Div. of Admin. v. McInnis Brothers Construction,* 97-0742 (La. 10/21/97), 701 So.2d 937, 940.

[103] R. Doc. 122, p. 6.

[104] In this regard, Plaintiff's case is not like that presented by the *pro se* § 1983 plaintiff in *Corsey v. State, Through Dept. of Corrections,* 375 So.2d 1319 (La. 1979). In that case, the Louisiana Supreme Court applied the doctrine to revive the claims of the plaintiff because he did not know or reasonably could have known of his claims against the defendants specifically because of the tortious acts of those defendants, who caused the mental injuries that delayed

doctrine. Rather, as Plaintiff is "deemed to know what he could [have] by reasonable diligence [] learned," he is deemed to have been aware of the proper procedure, as his knowledge and diligence are under his control, and he has not shown that his lack of knowledge is not attributable to his fault. *See Bell v. Kreider*, wherein Louisiana's Fifth Circuit Court of Appeal recognized that "Prior decisions of this court make clear that mere unawareness of a potential cause of action is not enough to invoke contra non valentem,"[105] and *Jackson v. Jefferson Par. Clerk of Court*, wherein that court specifically held that the mere fact that the plaintiff was in prison was not an excuse for his failure to file suit timely.[106]

   3. *Service of Plaintiff's Administrative Appeal on LDOC Was Insufficient to Preserve Plaintiff's Claims Against Cain and Dupont*

   a. Plaintiff could not interrupt prescription pursuant to La. Civil Code art. 3462

Defendants argue that, even if this Court were to somehow find that the filing of the November 9, 2011 Petition for Judicial Review interrupted prescription, Plaintiff's claims are still prescribed as to Defendants. As Plaintiff's Petition for Judicial Review was either filed in an improper court or improper venue, Plaintiff would have had to timely serve Cain and Dupont in order to interrupt prescription as to them pursuant to La. C.C. art. 3462, which provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue,

---

his awareness of the circumstances giving rise to his suit. *Id.* at 1323. The Court held that the fourth scenario encompasses circumstances in which the plaintiff is prevented from acting due to factors outside of his control. *Id.* at 1322. Plaintiff has not made any showing that factors outside of his control prevented him from timely taking the necessary actions. Rather, Plaintiff's actions indicate the opposite, as Plaintiff filed a civil action for damages in this Court less than two weeks after his state court proceedings were dismissed. By filing the federal lawsuit *pro se* shortly after the conclusion of the state court action, Plaintiff demonstrated that he could act to protect his interests.
[105] 03-300 (La. App. 5 Cir. 9/16/03), 858 So.2d 58, 62, *writ denied*, 2003-2875 (La. 1/9/04), 862 So.2d 986.
[106] 981 So.2d at 160-161 (Where the plaintiff's action was clearly prescribed when the plaintiff filed suit, holding that, since no legal cause prevented the courts from acting, no condition connected with the proceedings prevented the plaintiff from acting, and the defendants did not act to prevent the plaintiff from availing himself of his cause of action, *contra non valentem* was not applicable.)

> prescription is interrupted only as to a defendant served by process
> within the prescriptive period.

Defendants contend that because Plaintiff did not serve Defendants with the Petition for Judicial Review, this defeats his claims.[107]

Plaintiff asserts that, pursuant to the provisions of La. C.C. art. 3462, prescription was interrupted because service on LDOC was timely, even if the Petition for Judicial Review was filed in an incompetent court[108] and process was defective, so long as "process [was] sufficient to inform persons served of the legal demands made upon them," citing *Breaux v. Vicknair*.[109] Plaintiff declared under penalty of perjury[110] that he mailed a copy of his petition for Judicial Review, as well as discovery requests to, Defendants Cain and Dupont.[111]  Plaintiff relies on the documents that he received after he filed the state court action as evidence that Cain and Dupont received his mailings.  Plaintiff claims that, because his state court action was dismissed without prejudice, he has the full prescriptive period within which to bring a new action pursuant to La. C.C. art. 3463, Comment (b).[112]

First, there is no evidence of service on these Defendants in either the state or federal court record, which is Plaintiff's burden to prove.[113]   The Nineteenth Judicial District Court docket

---

[107] R. Doc. 118-1, pp. 8-9.
[108] See La. R.S. 15:1184, which provides that the exclusive venue for delictual actions for injury or damages in prisoner suits is the parish encompassing the location of the prison wherein the prisoner was assigned when the cause of action arose. In this case, the parties appear to agree that the cause of action against Cain accrued at the latest when Plaintiff was transferred from Angola to EHCC.  *See* R. Doc. 1, ¶ III, R. Doc. 67, pp. 4, 6, R. Doc. 101-2, p. 1, and R. Doc. 122, p. 2. EHCC is located in Iberville Parish and sits in the district of the Eighteenth Judicial District Court.  Thus, the Petition for Judicial Review was not filed in the parish of proper venue.
[109] R. Doc. 122, p. 8 *citing* 507 So.2d 1242 (La. 1987).
[110] R. Doc. 123-5.
[111] R. Doc. 123-4, p. 26.
[112] R. Doc. 122, pp. 7-9.  La. C.C. art. 3463 Comment (b) provides, in pertinent part:  "…if an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward the accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action." (citations omitted).
[113] *Savoy*, 2009 WL 4571851, *3.

sheet only reflects service on LDOC.[114]  The state court Answer also does not conclusively show that Defendants received service, because the "Defendant" or "Defendants" on whose behalf the Answer is filed are not identified.[115]  Plaintiff urges the Court to presume service because he received documents in response to discovery requests he allegedly propounded to Defendants along with the Petition for Judicial Review.[116]  The discovery requests are not in the record so the Court cannot consider them.  Further, Plaintiff's receipt of the documents during the course of the state court proceeding does not, standing alone, establish that Cain or Dupont was actually served with his pleadings, particularly because La. R.S. 15:1177(A)(3) requires the agency (hereLDOC), to transmit the entire record of the proceeding under review to the Court.[117]  Plaintiff has also submitted a "Service Information Sheet", which lists Defendants Cain and Dupont as parties for whom service was requested when the Petition for Judicial Review as filed.[118]  Here again, there is no evidence that service was made on these Defendants despite Plaintiff's alleged request, and no argument or evidence has been provided indicating that the Clerk of the Nineteenth Judicial Court acted wrongfully or deliberately withheld service of the state court pleadings on Defendants.[119]

Further, even if timely service could have interrupted prescription, the earlier analysis concluding Plaintiff failed to file the proper action likewise precludes Plaintiff from prevailing on this argument.    While La. C.C. art. 3462 allows for timely service to interrupt prescription when an action is filed in an improper court or venue, it appears to presume that the proper type of action

---

[114] R. Doc. 101-10, p. 4.
[115] R. Doc. 123-8.
[116] R. Doc. 123-5 and R. Doc. 123-4, p. 20.
[117] *See* the Affidavit of Trish Foster, Director, Angola Legal Programs Department, attesting to the administrative record filed in the state court. R. Doc. 123-9.
[118] R. Docs. 123-7 and 123-5.
[119] Plaintiff also asserts that he mailed the state court pleadings to Cain and Dupont.  Even if this were a civil action, rather than an administrative review proceeding, service by mail on these defendants would not be proper.  La. C.C.P. arts. 1313 and 1314 govern service of actions generally and do not provide for service by mail of the original petition.

20

or proceeding is filed in the first instance. Plaintiff did not institute the proper type of proceeding, *i.e.*, a civil action for damages. The logical extension of that finding is that Plaintiff cannot overcome this defect by timely service of an improper action.[120] This conclusion is further bolstered by La. R.S. 15:1177(A)(1)(b), which clearly provides that LDOC is the only proper party defendant in an administrative appeal. Service of an administrative appeal on individually-named defendants could not interrupt prescription on tort claims when such defendants are not even proper parties to the administrative action. Thus, even if Defendants were timely served (which has not been shown), the defect in Plaintiff's failure to institute his tort claims via an original civil action as required by La. R.S. 15:1177(C) would still preclude finding that such service interrupted prescription.

### b.   Service on LDOC was not sufficient to preserve Plaintiff's claims

Plaintiff's other service arguments likewise fail. Plaintiff argues that he timely served LDOC with the Petition for Judicial Review and that service on the head of any agency suffices as to the agency's employees, citing La. R.S. 13:5107.[121] Thus, according to Plaintiff, service was not required on Defendants Cain and Dupont because they received adequate notice of the suit through LDOC, which is reflected in the fact that an attorney filed an Answer to the Petition for Judicial Review on behalf of all Defendants.[122] For this proposition, Plaintiff appears to rely on La. R.S. 13:5107(A), which provides, in pertinent part:[123]

> A.(1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant

---

[120] If such a result were allowed, then any inmate plaintiff could circumvent La. R.S. 15:1177(C)'s requirement of an original civil action by effecting service of a petition for judicial review on tortfeasor defendants.

[121] R. Doc. 122, p. 8. La. R.S. 13:5107 is cited *infra*.

[122] It appears that this Answer is the basis for Plaintiff's allegation that Defendants waived insufficient service by their appearance in the state court proceedings. R. Doc. 122, p. 9.

[123] R. Doc. 122, p. 8.

and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

The referenced statute allows service and citation of a suit on a "proper person" of an agency when suit is filed against an agency, depending on the agency and in accordance with Louisiana law.

Plaintiff also argues that LDOC and Defendants were pled as "solidary tortfeasors," and "service of process on one solidary obligor is effective as to all solidary obligors" under Louisiana law.[124] Plaintiff cites no legal authority in support of this statement, but may be relying upon La. C.C. art. 1799, which provides: "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs" and/or La. C.C. art. 2324(C), which applies the same principle to joint tortfeasors: "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

As previously explained, however, Plaintiff's service arguments are foreclosed.[125] Service, whether on LDOC or otherwise, simply could not interrupt prescription on Plaintiff's tort claims because he failed to timely assert them in the required original civil action.

---

[124] R. Doc. 122, p. 9.  *See Burge,* 996 F.2d at 788 (For § 1983 claims, federal courts look to state law for its tolling provisions.)

[125] The solidary tortfeasor argument is also foreclosed by the state court ruling.  When the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, or that a joint tortfeasor relationship exists between two or more parties, the plaintiff bears the burden of proving that a solidary and/or joint tortfeasor relationship exists.  *BellSouth Telecommunications, L.L.C. v. A & A Cable Contractors, Inc.,* 2016-0803 (La. App. 1 Cir. 5/11/17), 221 So.3d 90, 92 *and, e.g., Wheat v. Nievar,* 2007-0680 (La. App. 1 Cir. 2/8/08), 984 So.2d 773, 775 (citations omitted).  Importantly, however, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiff, since no joint or solidary obligation would exist.  *McKamey v. New Orleans Public Facility Management, Inc.,* ("Because the timely sued defendant ... was dismissed from the suit, prescription against [the remaining defendants] is not interrupted and plaintiff's suit against them has prescribed, unless some other basis to revive this suit is found."). 2013-1437 (La. App. 4 Cir. 6/4/14), 140 So.3d 1233, 1235, *writ denied,* 2014-1711 (La. 11/7/14), 152 So.3d 178, *citing Renfroe,* 809 So.2d at 950 (citations omitted).  In this case, LDOC was ultimately found not liable to Plaintiff, so no joint or solidary obligation existed.  *See* R. Doc. 101-9 *adopting* R. Doc. 101-7.  Therefore, even if this argument were valid, Plaintiff's state court claims against LDOC still did not interrupt prescription as to Defendants.  *Id.*

4.    *There is No Evidence That Defendants Renounced or Tacitly Acknowledged the Running of Prescription*

Lastly, Plaintiff argues that Defendants either tacitly acknowledged or renounced the defense of prescription.  Specifically, Plaintiff asserts that, through Defendants' litigation of this case for years, Defendants have tacitly acknowledged and/or renounced the defense of prescription by representations to the Court and to Plaintiff that Plaintiff's claims have merit and are not barred by prescription.  Plaintiff asserts that this argument is supported by the fact that Defendants have filed motions to dismiss and summary judgment motions but have never previously raised prescription as a defense during the pendency of this case.  Plaintiff argues that Defendants should not be rewarded for their failure to assert this defense, considering the Court's and Plaintiff's limited time and resources.[126]

La. C.C. art. 3464 provides that, "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."  Further, La. C.C. art. 3449 provides that, "Prescription may be renounced only after it has accrued," and according to La. C.C. art. 3450, renunciation may be express or tact, with tacit renunciation resulting from circumstances that give rise to a presumption that the advantages of prescription have been abandoned.  As cogently summarized by the Louisiana Supreme Court in *Lima v. Schmidt*:

> Acknowledgment and renunciation differ in both substance and legal effect. Substantively, acknowledgment is the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course; renunciation is the technical term designating the abandonment of rights derived from prescription that has accrued. Official Comment (c) to LSA-C.C. Art. 3449; Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul.L.Rev. 430 (1940).

---

[126] R. Doc. 122, p. 7.

In legal effect, acknowledgment interrupts prescription and erases the time that has accrued, with prescription recommencing anew from the date of interruption; renunciation obliterates the effect of prescription that has run. Because of these differences, renunciation is subject to more stringent requirements than acknowledgment. Comment, Prescription and Peremption-The 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593, 611 (1983).[127]

Regarding renunciation, the *Lima* court noted that Louisiana courts have consistently held that renunciation must be "clear, direct, and absolute and manifested by words or actions of the party in whose favor prescription has run."[128]  It is a unilateral act that does not require the other party's acceptance or any formality.[129]  In this case, Plaintiff has not come forward with any evidence of any words or actions by Defendants that clearly and directly renounced prescription running in their favor.  Plaintiff merely urges the undersigned to infer renunciation because Defendants did not plead prescription as a defense prior to their Third Summary Judgment and because Defendants have actively defended against Plaintiff's claims.[130]  While it is unfortunately true that time and resources have been unnecessarily consumed because of Defendants' unexplained delay in raising the defense, the law is clear that the undersigned is constrained from inferring renunciation on the facts alleged.  Plaintiff has not sustained his burden of establishing that Defendants renounced prescription.

In contrast, to establish tacit acknowledgment, a "lesser showing" is required.[131]  The Louisiana Supreme Court held in *Lima* that "acknowledgment sufficient to interrupt prescription may be made verbally, in writing…or in other ways; or it may be implicit or inferred from the facts and circumstances."[132]  Citing treatises, the court specifically recognized that a delictual action

---

[127] 595 So.2d 624, 631 (La. 1992) (superseded by statute on other grounds).
[128] *Id*. (citations omitted).
[129] *Id*. (citations omitted).
[130] R. Doc. 122, p. 7.
[131] Plaintiff does not allege that Defendants expressly acknowledged the running of prescription.  R. Doc. 122, p. 7.
[132] 595 So.2d at 632.

may be tacitly acknowledged and held that examples of acknowledgement include offers by defendants to pay tort damages in the course of trials, or actual acts of reparation or indemnity.[133] The *Lima* court also noted that acknowledgment sufficient to interrupt prescription results from any act or fact which contains or implies the admission of the existence of the plaintiff's right, and thus, acknowledgment can take the form of a simple admission of liability.[134]

In support of this argument, Plaintiff relies on the same evidence urged in support of his renunciation argument; that is, Defendants tacitly acknowledged Plaintiff's rights by failing to raise the issue of prescription and/or by defending against Plaintiff's claims, which according to Plaintiff, shows that Defendants recognize that Plaintiff's claims have merit.[135] However, these allegations do not demonstrate that Defendants have recognized any rights of Plaintiff or liability on their part. Rather, the record reflects that Defendants have sought dismissal of Plaintiff's claims against them from the inception of the litigation. Plaintiff's allegations fail to establish that Defendants tacitly acknowledged Plaintiff's rights.

### Conclusion and Recommendation[136]

For the reasons set forth herein, the undersigned finds that Plaintiff's claim against Defendant Dupont for Plaintiff's removal from the Angola Rodeo is prescribed.

The undersigned further finds that, Plaintiff's state court Petition for Judicial Review was an administrative action that did not interrupt prescription on his claim against Defendant Cain for personal injury damages arising from his transfer from Angola. Service of the administrative

---

[133] *Id*. at 633, *citing* 2 Civil Law Translations-Aubry & Rau, Property § 215, No. 304, p. 344 (La.St.L.Inst.Trans. 1966).
[134] *Id*. at 633-34, *citing* 5 Civil Law Translations-Baudry-Lacantinerie & Tissier, Prescription, §§ 476, 527-35 (esp. 531), 647.
[135] R. Doc. 122, p. 7.
[136] The undersigned acknowledges that this Report may be a harsh result for Plaintiff, who diligently represented himself *pro se* for several years and previously obtained reversal of the dismissal of his claims on different grounds. However, after conducting a thorough review of the facts, evidence, authority, and arguments, the undersigned is compelled by applicable law and precedent to make the recommendations herein.

action on LDOC, or on Defendants (even if proven), could not have interrupted prescription because Plaintiff's tort claims were required to be asserted in an original civil action, not as part of an administrative appeal.    Plaintiff has not borne his burden to prove that prescription was otherwise interrupted or suspended as to Defendants; therefore, this claim is also prescribed.

## **RECOMMENDATION**

Accordingly:

**IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment[137] be **GRANTED,** dismissing Plaintiff's retaliation claims against Defendants Burl N. Cain and Deputy Warden Leslie Dupont with prejudice.

Signed in Baton Rouge, Louisiana, September 17, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[137] R. Doc. 118.