# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLWYNN J. TURNER** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL.** | **NO.: 12-00598-BAJ-EWD** |

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 132)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Motion for Summary Judgment (Doc. 118)** filed by the remaining Defendants in this case, N. Burl Cain and Leslie Dupont. The Magistrate Judge recommended that the Motion for Summary Judgment be granted because Plaintiff's claims are prescribed.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 139 at p. 1).

1

## II. OBJECTIONS

Plaintiff objects to the Report and Recommendation on six grounds. The Court addresses each below.

### A. Plaintiff's Obligation to Prove That Prescription Was Tolled

Plaintiff argues that the Magistrate Judge incorrectly concluded that he bears the burden of proving that the prescriptive period was tolled. (Doc. 135-1 at p. 4). A defendant generally carries the burden of establishing the elements of a prescription defense. However, the Magistrate Judge properly concluded that when "on the face of the petition, it appears that prescription has run," the burden of showing that the limitations period has been interrupted shifts to the plaintiff. *Savoy v. St. Landry Parish Council*, No. 08-232, 2009 WL 4571851, at *3 (W.D. La. Dec. 1, 2009). Plaintiff brought retaliation claims for his removal from the Angola Rodeo on April 16, 2011 and his transfer from Angola on April 28, 2011. (Doc. 1 at pp. 5–6) Plaintiff filed his federal complaint on September 24, 2012. (Doc. 1) Accordingly, the face of the complaint indicates that more than a year passed between the events in the complaint and the commencement of suit. The Court is therefore satisfied that the burden of proving the tolling of the prescriptive period is on Plaintiff, and that he failed to satisfy the burden.

### B. Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's retaliation claim arising out of his removal from the rodeo by Dupont was subject to dismissal for a failure to exhaust administrative remedies. (Doc. 135-1 at p. 5). The record

indicates that Plaintiff's July 5, 2011 administrative remedy procedure request contained no allegations regarding Plaintiff's removal from the Angola Rodeo. (Doc. 1-1-2 at pp. 1-3). As such, the Court is satisfied that Plaintiff failed to exhaust his remedies regarding this retaliation claim. Moreover, even if Plaintiff had exhausted his administrative remedies, the Magistrate Judge correctly concluded that the claim would still be prescribed. (Doc. 132 at p. 10).

C.   **Plaintiff's Failure to Serve Defendants with Petition for Judicial Review**

Plaintiff makes four objections to the Magistrate Judge's finding that Defendants were not properly served with Plaintiff's Petition for Judicial Review in state court and therefore, the petition did not interrupt the prescriptive period. (Doc. 135-1 at pp. 5–9) However, the Magistrate Judge also concluded that the Petition for Judicial Review did not constitute a civil action for damages which could interrupt the prescriptive period. (Doc. 132 at p. 12). Moreover, the Court is satisfied with the Magistrate Judge's detailed analysis of the alleged facts and law regarding this conclusion. (*Id.* at pp. 13–17). As such, even if Plaintiff had properly served the Petition for Judicial Review, he would still have failed to interrupt the prescriptive period.

## III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

The Court notes that the allegations asserted by Plaintiff, if true, reflect a degree of malice and corruption by the former warden of the Louisiana State Penitentiary that is reprehensible and offensive by all prevailing societal norms, standards, and laws. Nonetheless, courts are duty bound to dismiss even otherwise valid claims when, as here, such matters are untimely filed. Although entirely discretionary with prison officials, due consideration should be given to restoring to Plaintiff the privileges he enjoyed prior to this offensive episode.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 132)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 118)** is **GRANTED**.

Baton Rouge, Louisiana, this 22nd day of March, 2019.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**